# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00101-KDB-DCK

| | |
|---|---|
| BRIAN BLACKBURN,<br>CANDY KIZIAH,<br><br>**Plaintiffs,**<br><br>v.<br><br>CATAWBA COUNTY, NORTH CAROLINA, *et al.*<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on the Motion to Dismiss Filed on Behalf of Defendant Allen (Doc. No. 13) and Plaintiffs' Rule 4(c)(3) Motion (Doc. No. 18). Plaintiffs allege in this action that their infant child was wrongfully removed from their home in violation of Title II of the American Disabilities Act of 1990, 42 U.S.C. § 1983, the North Carolina Constitution, and other North Carolina common laws. Defendant I.E. Allen ("Judge Allen"), a Magistrate Judge for Catawba County, seeks dismissal of Plaintiffs' Complaint pursuant to Rule 12 for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted. Because the Court finds that Judge Allen is entitled to absolute immunity, the Court will **GRANT** the Motion to Dismiss.

In their Rule 4(c)(3) Motion, Plaintiffs ask for the Court's assistance in serving three unidentified Defendants in the Catawba County Sheriff's Office. After review of the motion and Plaintiffs' supporting affidavit, (Doc. No. 19), the Court will assist Plaintiffs in service as described below.

1

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Taking the allegations set forth in the Complaint as true, Plaintiffs Brian Blackburn ("Blackburn") and Candy Kiziah ("Kiziah") (collectively, "Plaintiffs") are the biological parents of minor child A.B., who was born on March 8, 2019. (Doc. No. 1, at ¶ III.C.(1)). After A.B. was born, she was transferred to the NICU at another hospital. *Id.* at ¶ III.C.(4). On March 10, 2019, Defendant Morgan Allen, a social worker with Catawba County Department of Social Services, told Kiziah that a child abuse general report had been made against her, but not against Blackburn. *Id.* at ¶ III.C.(8). Four days later, Morgan Allen brought a "Temporary Safety Plan" to the NICU for Kiziah. *Id.* at ¶ III.C.(11). The "Temporary Safety Plan" required Kiziah to submit to drug testing as requested by Morgan Allen. *Id.* From March 13, 2019 to April 29, 2019, Kiziah submitted to drug testing and random, frequent home visits by Morgan Allen. *Id.* at ¶ III.C.(12). On May 29, 2019, another social worker from the Department of Social Services (DSS) conducted a home visit and confronted Kiziah about "amphetamines." *Id.* at ¶ III.C.(15).

Around 7:59 p.m. on June 10, 2019, the Catawba County Department of Social Services (DSS) called the Catawba County Sherriff's Department asking them to meet at Blackburn's parents' house. *Id.* at ¶ III.C.(18). When the government agents learned that Kiziah and A.B. were not at the house, they walked next door. *Id.* Law enforcement officers had an AOC form titled "Nonsecure Custody Order" which Plaintiffs claim was "facially defective with no file number and no file stamp—and only a judge's name signed by someone else indicating 'telephonic approval.'" *Id.* at ¶ III.C.(21). A.B. was removed from Plaintiff's home by 9:40 p.m. that night. *Id.* at ¶ III.C.(23). On June 18, 2019, a hearing on the nonsecure custody order was held before a district court judge who Plaintiffs assert does not normally oversee family or domestic court cases.

*Id.* at III.C.(25). At the hearing, Plaintiffs assert that the court refused to hear any of their evidence and did not determine a visitation plan for Plaintiffs. *Id.*

Plaintiffs assert that the nonsecure custody order form was filled in by "I.E. Allen" on June 10, 2019 and "Burford A. Cherry" was written in under the space for "Name of Judge/Judge's Designee." *Id.* at ¶ III.C.(21)l. Plaintiffs also assert that the nonsecure custody order indicated that it was granted via "telephonic approval" by Judge Allen. *Id.* at ¶ III.C.(21)l.

Plaintiffs filed their *pro se* Complaint on July 26, 2019. They bring this suit against Catawba County, DSS, DSS employees, various deputy sheriffs at the Catawba County Sheriff's Office, and the judicial officials involved in removing A.B. from their home. Plaintiffs assert claims under Title II of the American Disabilities Act of 1990; 42 U.S.C. §§ 1983, 1988; the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments of the United States Constitution; claims under the North Carolina Constitution; and other claims under North Carolina law. Plaintiffs seek monetary damages from all Defendants and injunctive relief. As to Judge Allen, Plaintiffs assert that he abused his power as a judicial official in signing the nonsecure custody order without the proper evidence supporting that A.B. should be removed from Plaintiffs' home. Judge Allen filed the current motion to dismiss on September 27, 2019.

On October 10, 2019, Plaintiffs filed a motion requesting this Court order service by United States Marshal on three unidentified Catawba County Deputy Sheriffs referred to as "Monroe," "Declan," and "Wilson." At the same time, Plaintiffs filed an affidavit describing the physical appearance and characteristics of the three deputy sheriffs and Plaintiffs' various attempts at service.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A case filed under Section 1983 provides potential remedial relief for a plaintiff who can prove that a person acting under color of state law deprived him of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. *See Maine v. Thiboutot*, 448 U.S. 1 (1980); *see also Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107–08, n. 4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the allegations set forth in the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

The standard for evaluating the sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, however, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

### B. Service under Rule 4

Under Federal Rule of Civil Procedure 4(c)(2), "service may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2). At a plaintiff's request, however, the court may direct that service be effected by a United States Marshal, a Deputy United States Marshal, or an officer specially appointed for that purpose. Fed. R. Civ. P. 4(c)(3). If the plaintiff is proceeding in forma pauperis or as a seaman, service by the United States Marshal is mandatory. *Id.* If the plaintiff is not proceeding in forma pauperis or as a seaman, the decision falls within the discretion of the court. *Id.*

### III. DISCUSSION

### A. Judge Allen's Motion to Dismiss

According to Plaintiffs' Complaint, Judge Allen is a Magistrate Judge for the 25th Judicial District in Catawba County, North Carolina. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citing *Timmerman v. Brown*, 528 F.2d 811 (4th Cir. 1975)). "That immunity

is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Plaintiff's action against Judge Allen fails because entering a nonsecure custody order, by telephone or otherwise, is a judicial act that he executed as the Chief District Court Judge's designee. *See* N.C. Gen. Stat. § 7B-502(a) ("In the case of any juvenile alleged to be within the jurisdiction of the court, the court may order that the juvenile be placed in nonsecure custody . . . ."); N.C. Gen. Stat. § 7B-502(b) ("The chief district court judge may delegate the court's authority to persons other than district judges by administrative order which shall be filed in the office of the clerk of superior court."); N.C. Gen. Stat. § 7B-508 (stating that nonsecure custody orders may be issued by telephone when other means of communication are impractical). Thus, because Judge Allen is immune from liability for his judicial acts, Plaintiffs cannot state a claim upon which relief can be granted and their claims against Judge Allen must be dismissed.

**B. Plaintiffs' Rule 4(c)(3) Motion & Service**

Plaintiffs filed a motion on October 10, 2019 asking for the Court to order that "service be made by a United States Marshal or Deputy Marshal or by a person specially appointed by the court to Defendants 'Monroe', 'Declan', and 'Wilson' at their known location of employment at the Catawba County Sheriff's Department." (Doc. No. 18, at 2). Plaintiffs argue they made attempts to obtain the identities of these law enforcement officers but have been unsuccessful because the "law enforcement officers took measures to conceal their identities." *Id.* at 1. Along with their motion, Plaintiffs filed an affidavit and attached receipts from their attempts to serve these three Defendants.

Plaintiffs, while proceeding *pro se*, are not proceeding in forma pauperis. Thus, under Rule 4(c)(3), the decision to assist Plaintiffs in serving the unidentified Defendants lies within this

6

Court's discretion. Given that Plaintiffs are proceeding *pro se* and have attempted multiple times in good faith to serve the Defendants but to no avail, the Court will assist Plaintiffs in their attempts to serve these Defendants. However, before ordering service by a United States Marshal, the Court finds it most efficient for the other named Defendants in this action also working at the Catawba County Sheriff's Office to identify the three unknown deputies.

Defendants Matthew Kanupp and Don Brown, who are both employees at the Catawba County Sheriff's Office, have appeared through counsel in this action. The Court, therefore, orders that within fourteen days of the issuance of this Order, Defendants Kanupp and Brown shall identify the unknown named Defendants ("Monroe," "Declan," and "Wilson") by name and employment/business address. If this is not possible, they shall explain what steps have been taken to ascertain the deputies' identities. Plaintiffs allege that these unidentified deputies came to their house on June 10, 2019 and aided in removing Plaintiffs' daughter from their home. (Doc. No. 1-1, ¶ III.C.(23)). Defendants Kanupp and Brown may look to Plaintiffs' affidavit, (Doc. No. 19, at ¶ 1), for further description of the unidentified officers. Once the identities of "Monroe," "Declan," and "Wilson" are ascertained, the Court will address service on those Defendants.

With regards to Defendant Burford Cherry, the Court notes that the case docket does not reflect an executed return of the summons effecting service of process and Plaintiffs have not yet asked the Court for assistance in serving Defendant Burford Cherry. Pursuant to Rule 4(m) of the Federal Rules of Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs are hereby given notice that failure to properly serve Defendant Burford

Cherry within twenty-one days of the issuance of this Order may result in dismissal unless Plaintiffs can show "good cause for the failure" to properly serve Defendant Burford Cherry.

### IV. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendant I.E. Allen's Motion to Dismiss (Doc. No. 13) is **GRANTED**. Plaintiffs' claims brought against Defendant I.E. Allen are **DISMISSED WITH PREJUDICE**. The Clerk is instructed to terminate I.E. Allen as a defendant in this action;

2. Defendants Kanupp and Brown are **ORDERD** to identify the unknown named Defendants "Monroe," "Declan," and "Wilson" by name and employment/business address within **FOURTEEN (14) DAYS** of the issuance of this Order. If it is not possible to identify "Monroe," "Declan," and "Wilson," Defendants Kanupp and Brown shall file an affidavit explaining what steps have been taken to ascertain their identities; and

3. Plaintiffs are hereby **ON NOTICE** that failure to properly serve Defendant Burford Cherry within **TWENTY-ONE (21) DAYS** from the issuance of this Order will result in dismissal without prejudice unless Plaintiffs can show good cause as to why they have failed to properly serve Defendant Burford Cherry.

**SO ORDERED.**

Signed: February 12, 2020

Kenneth D. Bell
United States District Judge